The opinion of the Court was delivered by
Colcock, J.
The general principles of the law, on this subject, *are so well settled, as to need but little exposition; but the difficulty generally arises in the application of them. It, cannot be doubted that notice is, in all cases, necessary to be given to all persons to whom the holder intends to have recourse -,[1] and hence it is contended that the notice must come directly from him. But when the object of the notice is considered, there can be no good reason’given why this should be the case. Indeed, it would impose an unnecessary hardship on the holder, and frequently enable the drawer, or other person to be made liable, an opportunity of getting rid of his liability by the difficulty of proving this direct information. It is better for all parties, as well as indispensably necessary, that the notice should be given in any manner which may best suit the holder, than by a direct communication from him. It is better for the parties; because, as to the holder, it will be more easy when the notice has been by another, to prove that it was given : and as to the person to be made liable, it is better ; because, if not given in time, he might more easily show it, and further, because he would be more likely to receive it. In Shew v. Croft, Chitty, 166, note, it is therefore said it made no difference who apprised the drawer, since the eud of the notice was that he might have recourse to the acceptor. It is then clear, that in this case the defendant had notice.
The next consideration is, was the notice in time ? The rule is, that notice shall be given within a reasonable time after the dishonor and protest.[2] In determining what shall be considered a reasonable time ; the distance at which the parties lived from each other; the mode of *283 conveyance, and such like circumstances, are to be ascertained ; and if it appear tbat the notice was as early as could be made consistently with the means by which it must be given, it is in time. Chitty, 164. Now here the notice was given, at all events, in three months, and in one view of the testimony, at an earlier period. When the distance is considered at which these parties lived from each other, the one in *England, and the other here, and that there might not have been any vessel sailing at the time when the acceptor failed ; when it is recollected that four months, according to the testimony given, is considered by merchants of experience, to be a timely notice, and that Mr. Wright, the indorser to this very bill, so considered it, I think I am well warranted in saying that the notice was in time.
Eayne, for the motion. Gogdell, contra.
I am, therefore, against the motion.
The other Judges concurred.

 1 Rich. 371; McM. Eq. 421.

 Ante, 439.